IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| THE GLOUCESTER TOWNSHIP BOARD OF EDUCATION, | : : : : | |
| Plaintiff, | : : | Civil No. 21-939 (RBK/SAK) |
| v. | : | **OPINION** |
| E.N. AND M.N. ON BEHALF OF A.N., | : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon its own motion to assess its subject matter jurisdiction. The case involves a dispute about payment for special education evaluation services. Two parents on behalf of their child A.N. sought to have A.N. evaluated by a reading specialist who charged $3,200. The school district declined to pay more than $600 for such an evaluation. On July 31, 2020, the parents initiated a due process request with the New Jersey Office of Administrative Law. (Doc. No. 1 Exh. A). On November 24, 2020, Administrative Law Judge (ALJ) Elaine B. Frick granted the parents' request for partial summary decision. On January 20, 2021, the school district (hereinafter "Plaintiff") brought the present action against the parents (hereinafter "Defendants") seeking review and reversal of the ALJ's November 24, 2020 decision. (Doc. No. 1). Plaintiff now seeks a default judgment.

Plaintiff states in the Complaint:

It was agreed upon during a phone conference between the parties and the Honorable Elaine B. Frick, A.L.J., that this decision [OAL Docket No. EDS 05402-20, Agency Docket No. 2020-31607] constituted a Final Agency Decision, ripe for review, as it resolved the entirety of the claims raised in the Due Process Petition,

1

>and upon the granting of Petitioners' motion for summary decision, those claims no longer need to be considered in the due process hearing on Petitioners' remaining claims.

(Doc. No. 1 at 2-3).

However, the subject matter jurisdiction of this Court is not determined by mutual agreement. *See, e.g.. J.A. v. Monroe Twp. Bd. of Educ.*, No. 1:18-cv-14838, 2020 U.S. Dist. LEXIS 114285, at *6 (D.N.J. June 29, 2020) (noting that "the ALJ's 'permission' for Plaintiffs to appeal his ruling in this Court is without legal force"). The jurisdiction of federal courts is limited. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking our jurisdiction–here, Plaintiff–carries the burden of establishing subject matter jurisdiction. *Mortensen v. First Federal Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977).

The Individuals with Disabilities Education Act ("IDEA") requires participating states to provide disabled children with a free and appropriate education. 20 U.S.C. § 1412(a)(1)(A). We have federal question jurisdiction pursuant to 28 U.S.C. § 1331 for claims under IDEA, subject to the requirement that administrative remedies have been exhausted. *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014). The Third Circuit explains:

>Following completion of the IDEA's administrative process, i.e., exhaustion, the IDEA affords "[a]ny party aggrieved by the findings and decisions" made during or pursuant to the impartial due process hearing an opportunity for judicial review. 20 U.S.C. § 1415(i)(2)(A); *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). In the normal case, exhausting the IDEA's administrative process is required in order for the statute to "grant[] subject matter jurisdiction to the district court[]." *Komninos*, 13 F.3d at 778 ("[I]t is clear from the language of the Act that Congress intended plaintiffs to complete the administrative process before resorting to federal court."); *see also* 20 U.S.C. § 1415(i)(3)(A).
>
>*Id.*

Here, the IDEA administrative process has not reached "completion." Plaintiff appealed an order granting a partial summary decision. (Doc. No. 1 Exh. A at 14). Defendants have not dismissed

2

their petition, and they are proceeding to trial before the ALJ. Notably, the docket for the administrative process is not accessible by library or database because it does not have a final decision. *See OAL Final Decisions*, State of New Jersey Office of Administrative Law, https://www.nj.gov/oal/decisions/final/ (last visited April 12, 2022); *New Jersey Administrative Law Decisions,* Rutgers, https://njlaw.rutgers.edu/collections/oal/ (last visited April 12, 2022). Plaintiff has not provided the docket or any additional information about the ongoing trial. Further, Plaintiff has not argued that an exception to the exhaustion requirement applies.

Plaintiff argues that the partial summary decision is an appealable final decision because payment is due and because the statute of limitations began running when the decision was issued pursuant to 20 U.S.C. § 1415(i)(2)(B) and N.J.A.C. 6A:14-2.7(v)(1). Plaintiff has not explained why payment is due immediately or how that confers subject matter jurisdiction. Defendants' requests for payment upon the partial summary decision did not resolve the administrative process or generate a final decision.

Plaintiff has not explained how the statute of limitations confers subject matter jurisdiction. 20 U.D.C. § 1415(i)(2)(B) states: "The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." N.J.A.C. 6A:14-2.7(v)(1) states: "Any appeal of a final decision of an administrative law judge in a due process hearing shall be filed within 90 days of the date of issuance of the final decision." It goes on to clarify: "Interim decisions of an administrative law judge in a due process hearing, including determinations on requests for emergency relief, or determinations with respect to procedural issues, including discovery or scheduling, shall not be subject to the 90-day limitation period for filing appeals and, instead, shall be subject to applicable requirements pertaining to

3

filing interlocutory appeals to courts of appropriate jurisdiction." Nothing in these statutes conveys that a partial summary decision is a final decision.

Plaintiff has not met the burden of demonstrating that we have subject matter jurisdiction. Based on the available information, the IDEA administrative process is still ongoing and has not yet reached a final decision. We are without subject matter jurisdiction until the administrative process is exhausted or an exception applies. We must dismiss the Complaint without prejudice. An order follows.


Dated: April 13, 2022                                /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge